IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH ANNIS, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1628 |
| | ) | Judge Joy Flowers Conti/ |
| THE FAYETTE COUNTY JAIL; | ) | Magistrate Judge Amy Reynolds Hay |
| WARDEN LARRY MEDLOCK; | ) | |
| BARRY CROFTCHECK, Deputy Warden; | ) | |
| JAIMEE WALIGURA, | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the complaint be dismissed before service for failing to state a claim pursuant to the authority granted to courts by the Prison Litigation Reform Act.

### REPORT

Seth Annis, a prisoner, seeks to sue his jailers in this civil rights suit for their alleged denial of his access to the courts because they allegedly failed to provide him adequate access to the law library so that he could provide for his own criminal defense against the charges he was facing. However, because Plaintiff either had privately retained counsel representing him and so he had access to the courts via that retained counsel or because the state offers criminal defendants appointed counsel and in that way provides access to the courts, Plaintiff's claim of denial of access to the courts must fail as a matter of law and his complaint must be dismissed prior to service pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

**Relevant Procedural History**

On November 30, 2007, Plaintiff filed a motion for leave to proceed in forma pauperis. Dkt. [1]. Accompanying the motion was Plaintiff's civil rights Complaint. On December 20, 2007, an order granting Plaintiff's motion to proceed in forma pauperis was entered. Dkt. [3]. On that same date, the civil rights Complaint was filed. Dkt. [4].

**Plaintiff's Complaint**

The following is a summary of Plaintiff's Complaint. Plaintiff was a pretrial detainee in the Fayette County Jail, awaiting his criminal trial(s). The Complaint names four defendants: the Fayette County Jail, Warden Medlock, Deputy Warden Barry Croftcheck and Jail Counselor Jaimee Waligura. Plaintiff is suing the Fayette County Jail for extortion because the Jail charged him for copying cases, and he was constantly denied access to the prison law library while he was, allegedly, proceeding pro se in defending himself against the criminal charges brought against him. He complains that Defendant Medlock did not provide him adequate legal materials nor did Medlock make the law library available to Plaintiff. Plaintiff complains that Defendants Croftcheck and Waligura denied him access to the courts and hampered his defense because they did not provide him the proper assistance in filing meaningful legal papers with the trial court. Plaintiff alleges that the foregoing occurred from March 16, 2007 until May 3, 2007.

At base, Plaintiff complains that he was denied access to the courts and Plaintiff alleges that this states a cause of action under the First, Fifth and Fourteenth Amendments.

**Applicable Legal Standards**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in

custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).   The PLRA in relevant

part added Section 1915A, entitled "Screening," to Title 28 United States Code, to provide that

"[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable

after docketing, a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal–

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such

relief."  Here, Plaintiff is a prisoner within the meaning of Section 1915A.[1]  The Defendant Jail is

a governmental entity and the remaining three defendants are employees of a governmental entity

from whom Plaintiff seeks redress.  See, e.g., Funchess v. Doe, No. 96 C 4767, 1997 WL 12785

(N.D. Ill. Jan. 10, 1997) (applying Section 1915A to inmate's claims against county jail

employees).   Thus, Section 1915A Screening is applicable herein.  Moreover, under Section

1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a

claim but is required to do so.  Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at

*8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at  28

U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. S 1997e(c), the district courts are required, either on

the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or

fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir.

1999)(Table).

---

[1]Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of
criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."
28 U.S.C. § 1915A(c).

In addition, the PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [3], and is a prisoner within the meaning of 28 U.S.C. §1915.[2] Thus, Section 1915(e)(2) is also applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Nieves v. Dragovich, 1997 WL 698490 at *8.

In addition, the PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief

_____

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The same definition of prisoner is applicable to Section 1997e as is to Sections 1915(e) and 1915A.[3]

The statutory phrase "action brought with respect to prison conditions" is very broad and includes any condition found in a prison or jail. See, e.g., Porter v. Nussle, 534 U.S. 516 (2000); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Given the broad definition of "action with respect to prison conditions," Plaintiff's complaint about library access and copies comes within that statutory definition. See, e.g., Booth, 206 F.3d at 302 (Noonan, J. concurring and dissenting) ("There are, to be sure, issues raised as to prison conditions in Booth's amended complaint--the state of the prison library, for example...."); Sidles v. Stewart, 208 F.3d 222 (Table), 2000 WL 125820 (9th Cir. 2000)(1983 civil rights claim that prisoner was denied access to courts due to library policy was dismissed, inter alia, under 42 U.S.C. §1997e(c) for failing to state a claim).

In addition, Courts are required under Section 1997e to dismiss an action sua sponte if the complaint fails to state a claim upon which relief can be granted. Nieves v. Dragovich, 1997 WL 698490, at *8. Because Plaintiff is a "prisoner" and the instant suit is "an action brought with

---

[3] 42 U.S.C. § 1997e(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

respect to prison conditions", 42 U.S.C. §1997e applies herein.[4]  Thus, if Plaintiff's action fails

to state a claim upon which relief can be granted the court is required to dismiss the action.

In performing a court's mandated function of sua sponte reviewing complaints under

28 U.S.C. §§ 1915A & 1915(e), and 42 U.S.C. 1997(e), to determine if they fail to state a claim

upon which relief can be granted, a federal district court applies the same standard applied to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g.,  Anyanwutaku v.

Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir.

1997);  Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6)

standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Neal v. Pennsylvania Board of

Probation and Parole, No. CIV. A. 96-7923, 1997 WL 338838 at *1 (E.D. Pa. June 19, 1997)

("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil

Procedure in determining whether the complaint fails to state a claim upon which relief may be

granted under 28 U.S.C. § 1915A(b)(1)."); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D.

Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c) the courts are directed to

dismiss any claims made by inmates that 'fail to state a claim upon which relief could be

granted'.   This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."),

aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e), and by 42

U.S.C. §1997e, and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the

complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material

---

[4] The Ninth Circuit has summarized the applicable scope of the three preceding sections of the PLRA as follows: "section 1915(e) applies to all in forma pauperis complaints,  section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee.  Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions." Lopez v. Smith, 203 F.3d 1122, 1126 n7 (9th Cir. 2000).

allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97

(1976).  However, the court need not accept as true any legal averments or conclusions contained

in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this

motion to dismiss we must take all the factual allegations in the complaint as true, we are not

bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v.

Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely

legal conclusions masquerading as factual allegations.") (some internal quotations omitted).

Neither does the court have to accept as true anything in the complaint which contradicts facts of

which the court may take judicial notice.  See, e.g., Sprewell v. Golden State Warriors, 266 F.3d

979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept

as true allegations that contradict matters properly subject to judicial notice. . . .").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the

complaint, employing less stringent standards when considering pro se pleadings than when

judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless,

dismissal is proper under Rule 12(b)(6) and hence, under 28 U.S.C. §§ 1915A & 1915(e), and 42

U.S.C. §1997e, where the court determines that the facts alleged, which are not contradicted by

facts of which judicial notice may be had, taken as true and viewed in a light most favorable to

the plaintiff, fail to state a claim as a matter of law.  See, e.g., Gould Electronics, Inc. v. U.S.,

220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Reading Plaintiff's Complaint liberally, it appears that Plaintiff's claim is that the

Defendants are interfering with or denying Plaintiff his right of access to the courts, as Plaintiff

alleges is guaranteed by the First, Fifth and Fourteenth Amendments of the United States

Constitution. Defendants are allegedly doing so by interfering with his legal research and by charging him for copies of cases.

This court takes judicial notice of the dockets of the Court of Common Pleas of Fayette County. Those dockets reveal that Plaintiff had three criminal cases pending against him in that Court in 2007. They are (1) Commonwealth v. Annis, No. CP-26-CR-0000111-2007,[5] (2) Commonwealth v. Annis, No. CP-26-CR-0000112-2007[6] and (3) Commonwealth v. Annis, No. CP-26-CR-0000113-2007.[7] Those dockets reveal that Plaintiff was, in fact, represented by privately retained counsel by the name of Jack Connor, who formally entered in appearance in all three cases on March 8, 2007 (8 days prior to the date that Plaintiff alleges in the complaint was when the Defendants started denying him access to the courts) but who, prior to March 8, 2007, the date of his formal apearance, had filed motions on Plaintiff's behalf as early as February 26, 2007. Hence, because Plaintiff had counsel to represent him in the criminal proceedings, his complaint fails to state a denial of access to courts claim as a matter of law. See, e.g., Lamp v. Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997) ("For, once the State has provided a petitioner with an attorney in postconviction proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'") (quoting

---

[5] The dockets are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200498592&arch=0&ST=1/20/2008%201:14:16%20PM

[6] The dockets are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200498594&arch=0&ST=1/20/2008%201:10:20%20PM

[7] The dockets are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200498593&arch=0&ST=1/20/2008%201:12:28%20PM

Lewis v. Casey, 518 U.S. 343, 356 (1996)); Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8ᵗʰ Cir. 1995) (having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); Sanders v. Rockland County Correctional Facility, No. 94 Civ. 3691, 1995 WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial.").

For example, in the case of Rogers v. Thomas, No. 94-4692, 1995 WL 70548 at *2 (E.D. Pa. Feb. 17, 1995), *aff'd*, 65 F.3d 165 (3d Cir. 1995) (Table), the prisoner therein claimed a denial of access to the courts as does Plaintiff herein. In Rogers, a prisoner's legal papers relating to the appeal of his criminal conviction were seized by a corrections officer. "The legal materials at issue consisted of 'legal research notes, court orders, affidavits, letters, and pleadings.'" Id. at *1. The plaintiff in Rogers was represented by counsel in his direct appeal, much like the Plaintiff herein was represented by counsel in his criminal proceedings. The plaintiff in Rogers claimed the confiscation of his legal papers violated his right of access to the courts. In rejecting this claim, the court held that despite the fact that the inmate's legal papers were taken by prison officials, "plaintiff was not denied access to the courts because he was represented by court-appointed counsel, during the entire pendency of the appeal to which the legal papers related. Thus, plaintiff was actually provided with, not denied, legal assistance." Rogers, 1995 WL 70548 at *2. This rule of law that prisoners who have counsel, have as a matter of law, access to the courts makes eminent sense in light of Bounds v. Smith, 430 U.S. 817 (1977), one of the landmark cases in right of access jurisprudence, which declared that inmates' right of access to the courts may be satisfied by "providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law." Id., 430 U.S. at 828 (emphasis added). Accordingly, because Plaintiff had counsel for the criminal proceedings which he

wished to conduct research on, Plaintiff's complaint fails to state a claim for denial of access to the courts as a matter of law.[8]

Furthermore, the court takes judicial notice of the fact that the Commonwealth of Pennsylvania routinely appoints counsel for criminal defendants. So even if Plaintiff had refused court appointed counsel and was without counsel prior to the time he retained Attorney Connor, Plaintiff's refusal of appointed counsel and choice to proceed pro se (assuming he did so, and the court notes that Plaintiff alleges in his complaint that he was proceeding pro se in his criminal cases), the fact that Pennsylvania offers legal assistance in the form of appointed counsel or in the form of the Public Defender's Office would negate any claim of denial of access to the courts. See, e.g., Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (*per curiam*) (where pretrial detainee was offered state appointed counsel but he subsequently rejected such counsel in order to proceed pro se, state did not violate detainee's right of access to the courts by hindering his access to a law library; "having rejected the assistance of court-appointed counsel, [detainee] Degrate had no constitutional right to access a law library in preparing the pro se defense of his criminal trial."); Love v. Summit County, 776 F.2d 908, 914 (10th Cir. 1985)(state is entitled to choose whether it will meet its obligation to provide access to the courts by providing an adequate law library or by providing legal assistance in the form of an attorney). Thus, Plaintiff's complaint is properly dismissed under 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A and/or 42 U.S.C. § 1997e for failure to state a claim.

---

[8] To the extent that Plaintiff is claiming a denial of access to a law library as a violation of a federal right other than a right of access to court, his claim fails as a matter of law. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) ("Bounds did not create an abstract freestanding right to a law library").

To the extent that Plaintiff's complaint liberally read implies some absolute right to free photocopies of legal papers as a concomitant of his right of access to the court,[9] Plaintiff is mistaken. There is no such federal constitutional right. See, e.g., Kershner v. Mazurkiewicz, 670 F.2d 440, 445 (3d Cir. 1982) ("The constitutional concept of an inmate's right of access to the courts does not require that prison officials provide free or unlimited access to photocopying machinery.") (quoting Johnson v. Parke, 642 F.2d 377, 380 (10th Cir. 1981)); Sallee v. Coughlin, No. 96-1102, 1996 WL 476620 at *1 (E.D. Pa. Aug. 16, 1996) ("Inmates do not have a constitutional right to the use of photocopying equipment.").

Accordingly, the complaint should be dismissed with prejudice pre service for failure to state a claim as any amendment would be futile.

## CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated:  28 January, 2008

cc:     The Honorable Joy Flowers Conti
        United States District Judge

---

[9] See Dkt. [4] at 3, ¶IV.C ("The Fayette Co[.] Jail- for institutional extortion by charging the Plaintiff for every case").

Seth Annis
HB-8077
SCI Forest
PO Box 945
Marienville, PA 16239