IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH ANNIS, | ) | |
|        Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1628 |
| | ) | Judge Joy Flowers Conti/ |
| THE FAYETTE COUNTY JAIL; | ) | Magistrate Judge Amy Reynolds Hay |
| WARDEN LARRY MEDLOCK; | ) | |
| BARRY CROFTCHECK, Deputy Warden; | ) | |
| JAIMEE WALIGURA, | ) | |
|        Defendants | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on November 30, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (the "Report"), Dkt. [8], filed on January 28, 2008, recommended that, pursuant to the Prison Litigation Reform Act, the case be dismissed prior to being served, for failure to state a claim upon which relief could be granted. Service was made on the Plaintiff Seth Annis ("Plaintiff") at SCI Forest, PO Box 945, Marienville, PA 16239, which was the address listed on the docket. Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, he had ten (10) days to file any objections. Plaintiff filed objections. Dkt. [10].

For the most part the Report addressed the matters raised in Plaintiff's objections. One of Plaintiff's first objections not considered in the Report is that the Defendants, The Fayette

County Jail, Warden Larry Medlock, Barry Croftcheck and Jaimee Waligura ("Defendants") are not immune to monetary relief. The objection is surprising because the Report did not ground any of its recommendations on the Defendants being immune from monetary relief. Hence, this objection is not relevant. Whether the Defendants are immune or not has no impact on whether Plaintiff failed to state a claim against them for his denial of access to courts claims, which is the ground upon which the Report recommended dismissal of Plaintiff's case.

Plaintiff contended in his complaint that he was denied access to the courts because he was denied access to or charged for access to the Fayette County Jail law library and the library was inadequate. The Report noted that because Plaintiff either had retained counsel, or court appointed counsel in the form of the Public Defenders office or in the form of appointed counsel from outside of the Public Defenders office, Plaintiff actually was provided with and not denied access to the courts as a matter of law. Plaintiff did not deny that he did in fact have counsel for his criminal proceedings. Plaintiff objected, however, that his counsel was ineffective, and because his counsel was ineffective, he could not be denied access to an adequate law library or charged for that access. Dkt. [10] at 1.

There are several problems with Plaintiff's objections. First, Plaintiff is wrong as a matter of law, for the settled rule is that where the state offers counsel to a criminal defendant, the criminal defendant's right of access to the courts is satisfied as a matter of law, as the Report adequately points out. See, e.g., Lamp v. Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997) ("For, once the State has provided a petitioner with an attorney in postconviction proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'") (quoting Lewis v. Casey, 518 U.S. 343, 356 (1996)); Schrier v.

Halford, 60 F.3d 1309, 1313-1314 (8th Cir. 1995) (having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); Sanders v. Rockland County Correctional Facility, No. 94 Civ. 3691, 1995 WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial."); Rogers v. Thomas, No. 94-4692, 1995 WL 70548 at *2 (E.D. Pa. Feb. 17, 1995), *aff'd*, 65 F.3d 165 (3d Cir. 1995) (Table). Second, the rule of Heck v. Humphrey, 512 U.S. 477 (1994), precludes Plaintiff from trying to establish in this civil rights proceeding the allegation that his counsel was ineffective in the state criminal proceedings. Essentially, Plaintiff's claim in his objections that his counsel was ineffective would necessarily imply that the convictions which

were obtained in his state criminal proceedings are invalid, something that Heck[1] bars. Hence, this objection is barred by Heck..

Plaintiff objects that he is not suing for being charged for photo copies, but rather he is suing for being charged to use the jail's law library. Again, this objection lacks merit because once he has been given counsel, even if he were totally denied access to a law library, his lack of access would not constitute a denial of access to the courts. See Rogers, 1995 WL 70548 at * 2 (where a plaintiff claimed a denial of access because prison officials took from him his legal papers, the court held that "plaintiff was not denied access to the courts because he was

---

[1] In Heck the court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted)(emphasis in original).

Because success in establishing that his counsel rendered constitutionally ineffective assistance of counsel during the criminal trial level proceedings would necessarily render Plaintiff's convictions or sentences invalid, the reasoning of Heck renders Plaintiff's claim non-cognizable in this civil rights action absent an invalidation of those convictions or sentences. See, e.g., Royal v. Durison, 2007 WL 4115334, *2 (3d Cir. 2007)(non-precedential) (the Heck bar applies even if success in the claim would render only a portion of the sentence invalid, noting that "there is no indication in the opinion that Heck only bars claims that, if established, would invalidate an entire sentence, rather than simply part of a sentence."); Poindexter v. Mitchell, 454 F.3d 564, 577 (6th Cir. 2006) ("Trial counsel's failure to conduct 'a reasonable investigation of a defendant's psychiatric history and family background and to present mitigating evidence to the jury at sentencing, can constitute ineffective assistance.'")(quoting, Wiggins v. Smith, 539 U.S. 510, 522-23 (2003)); United States v. Baez, 7 Fed.Appx. 91, 93 (2d Cir. 2001) ("Ineffective assistance of counsel may render a guilty plea involuntary and therefore invalid. *See Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)").

4

represented by court-appointed counsel, during the entire pendency of the appeal to which the legal papers related. Thus, plaintiff was actually provided with, not denied, legal assistance.").

Plaintiff requests this court to consider another state criminal case which the Report did not reference. Specifically, Plaintiff cites Commonwealth v. Annis, No. CP-26-CR-0002247-2006. He claims that this was also one of the state criminal cases in which he was denied access to the courts. This court takes judicial notice of the dockets of that case.[2] Contrary to Plaintiff's contention in his objections, i.e., that he was proceeding pro se in that case,[3] the docket reveals that the same counsel who represented Plaintiff in the three criminal cases referred to by the Report was the same counsel who represented Plaintiff in the 2247-2006 case, i.e., Jack W. Connor. Jack Connor entered his appearance on Plaintiff's behalf in the 2247-2006 case on March 8, 2007. Being represented by counsel in the 2247-2006 case, Plaintiff cannot state a denial of access to courts claim based thereon as a matter of law. Accordingly, this objection lacks merit.

Any objection not specifically addressed in this order is found to be moot by reason of his complaint failing to state a claim upon which relief may be granted.

---

[2] The dockets for this case are available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200472355&arch=0&ST=3/10/2008%209:19:34%20AM

[3] Plaintiff asserted in his unsworn objections that "in fact the Plaintiff was pro se [in case No. 2247-2006] and is stated on record." Dkt. [10] at 2. If the court need not accept as true statements made in a complaint which are contradicted by matters of which the court can take judicial notice, see, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(in ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . ."), then, *a fortiori*, it need not accept as true statements made in objections which contradict matters of which the court can take judicial notice.

After *de novo* review of the pleadings and the documents in the case, together with the Report and the Plaintiff's objections, the following order is entered:

**AND NOW**, this 19th day of March, 2008;

**IT IS HEREBY ORDERED** that the case is dismissed pursuant to the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [8], filed on January 28, 2008, by Magistrate Judge Amy Reynolds Hay, is adopted as the opinion of the court.

This court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

Dated:

cc:	The Honorable Amy Reynolds Hay
	United States Magistrate Judge

	Seth Annis
	HB-8077
	SCI Forest
	PO Box 945
	Marienville, PA 16239